UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BRUCE FLYNN,

                              Plaintiff,

    v.                                                                9:15-CV-1028
                                                                              (GLS/CFH)

JOE WARD et al.,

                              Defendants.

---

APPEARANCES:

BRUCE FLYNN
10-A-1558
Plaintiff, pro se
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403

GARY L. SHARPE
United States District Judge

## DECISION AND ORDER

## I.    INTRODUCTION

Pro se plaintiff Bruce Flynn commenced this civil rights action asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 1 ("Compl."). By Decision and Order filed on October 5, 2015, plaintiff was denied leave to proceed in forma pauperis with this action pursuant to 28 U.S.C. § 1915(g). Dkt. No. 7 (the "October Order"). On October 26, 2015, plaintiff paid the full statutory filing fee. Therefore, the Court will review plaintiff's complaint (Dkt. No. 1) for sufficiency in accordance with 28 U.S.C. § 1915A. Plaintiff also moves for preliminary injunctive relief, for the assignment of counsel and for service by the U.S.

Marshal.  Dkt. Nos. 4, 5, 10.

## II. Initial Screening

Because plaintiff seeks relief from a governmental entity or an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915A.  Under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (noting that Section 1915A applies to all actions brought by prisoners against government officials even when the prisoner pays the filing fee).

Additionally, when reviewing a complaint, the Court may also look to the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, No. 95-CV-0063 (TJM), 162 F.R.D. 15, 16 (N.D.N.Y. June 23, 1995) (other citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state

a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

### III.     Summary of the Complaint[1]

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see Myers v. Wollowitz*, No. 6:95-CV-0272 (TJM/RWS), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the

---

[1] Plaintiff annexed 237 pages of exhibits to the complaint. Dkt. Nos. 1-1 and 1-2. To the extent that the exhibits are relevant to the incidents described in the complaint, the Court will consider the complaint as well as any documents attached as exhibits. *See Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991) (the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference).

3

vehicle by which individuals may seek redress for alleged violations of their constitutional rights" (citation omitted)). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted). The Court will construe the allegations in plaintiff's complaint with the utmost leniency. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers").

Plaintiff, an inmate currently being held at Mid-State Correctional Facility ("Mid-State C.F."), asserts claims against Joe Ward, Acting Superintendent at Mid-State C.F. and Lief Wellenstein, Correctional Officer/Law Library Supervisor at Mid-State C.F. *See generally* Compl. On March 5, 2015, Captain Goppert issued a memo denying plaintiff, and other inmates confined in the Long Term Protective Custody Unit (LTPC), physical access to the Law Library.[2] *See id.* at 4; Dkt. No. 1-1 at 3. From March 5, 2015 through April 30, 2015, Wellenstein refused to provide plaintiff with requested legal materials including books and case law.[3] *See id.* at 5. Wellenstein deemed requests for photocopies, envelopes, a stapler, and hole punch as requests for legal materials and denied plaintiff those items. *See id.* at 6. Wellenstein also refused to pick up requests for legal materials on Friday, Saturday, or Sunday. *See* Compl. at 6. Wellenstein issued a misbehavior report resulting in plaintiff

---

[2] Goppert is not a defendant herein. The LTPC Unit was classified as a special housing unit (SHU) with "stricter standards of conditions of confinement under the Disciplinary SHU Directives." *See* Compl. at 7.

[3] Plaintiff attached his "Law Library Legal Materials Request Forms" and the facility "Responses" to the complaint. *See* Dkt. No. 1-1 at 31-138.

being confined in keeplock for nineteen days.[4]  *See* Compl. at 10-11.  As a result of Wellenstein's actions, plaintiff's submissions to the Courts were delayed three to four weeks. *See id.* at 7.  Upon information and belief, Ward was aware of Wellenstein's behavior and actions.  *See id*. at 5, 6, 7, 11.

Construing the complaint liberally, plaintiff asserts the following claims: (1) defendants violated his First Amendment right to access to the courts; (2) Wellenstein retaliated against plaintiff in violation of his First Amendment right; (3) constitutional violations as a result of defendants failure to comply with DOCCS Directives or respond to FOIL requests; (4) supervisory claims against Ward; and (5) state law claims.  *See generally* Compl.

**IV.    Analysis**

**A.    Access To Courts, Legal Materials and Law Library**

The United States Constitution guarantees prisoners a "meaningful right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 830 (1977).  "The fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id*. at 828.  Prisoners do not have "an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  In determining whether the method selected, be it the provision of legal services or a law library, is adequate, "meaningful access to the courts is the touchstone." *Id*. (quoting *Bounds*, 430 U.S. at 823).  To establish a constitutional violation based on a denial of access to the courts, the plaintiff must assert that: (1) the defendants acted

---

[4] The complaint lacks any information with respect to the substance of the misbehavior report or when it was issued.

deliberately and maliciously, and (2) that a non-frivolous legal claim has been frustrated or impeded as a result of the inadequacy of the law library. *Lewis*, 518 U.S. at 353.

Here, plaintiff alleges that he was denied access to the courts because he would not "be able to address conditions of confinement, appeals, and the ability to respond to the Attorney General now or in the future, or be able to submit any effective brief's [sic] and memorandums of law." *See* Compl. at 10. Plaintiff also claims that he was not able to bind any of his briefs or documents due to defendants' failure to provide supplies. *Id.* at 6. Plaintiff does not state any facts to plausibly suggest that he suffered any injury related to a legal claim or material prejudice as a result of defendants' actions, or inactions. The complaint lacks facts establishing that defendants' misconduct resulted in "actual harm" such as the "the dismissal of an otherwise meritorious legal claim." *See Cancel v. Goord*, No. 00 Civ 2042, 2001 WL 303713, at *4 (S.D.N.Y. March 29, 2001) ("[I]n order to survive a motion to dismiss [an access-to-the-courts claim] a plaintiff must allege not only that the defendant's conduct was deliberate and malicious, but also that the defendant's actions resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim."). Accordingly, plaintiff's First Amendment denial of access to the court claims are dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**B.    Retaliation**

Plaintiff claims that Wellenstein retaliated against him when he refused to bring legal materials, destroyed legal materials, and filed a false misbehavior report. *See* Compl. at 11. To state a claim of retaliation under the First Amendment, a plaintiff must allege facts

6

plausibly suggesting the following: (1) the speech or conduct at issue was "protected"; (2) the defendants took "adverse action" against the plaintiff – namely, action that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights; and (3) there was a causal connection between the protected speech and the adverse action – in other words, that the protected conduct was a "substantial or motivating factor" in the defendant's decision to take action against the plaintiff. *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (citing *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001)). The Second Circuit has stated that courts must approach prisoner retaliation claims "with skepticism and particular care," since "virtually any adverse action taken against a prisoner by a prison official – even those otherwise not rising to the level of a constitutional violation – can be characterized as a constitutionally proscribed retaliatory act." *Dawes*, 239 F.3d at 491, *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983)); *Franco v. Kelly*, 854 F.2d 584, 590 (2d Cir. 1988). It is well-settled that filing a grievance or lawsuit is constitutionally protected conduct. *Johnson v. Eggersdorf*, 8 F. App'x 140, 144 (2d Cir. 2001); *Graham v. R.J. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996); *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003). A plaintiff can establish a causal connection that suggests retaliatory intent by showing that his protected activity was close in time to the complained-of adverse action. *Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir.2001) (citations omitted) (holding that the Court must exercise its judgment about the permissible inferences that can be drawn from temporal proximity in the context of particular cases). While there is no "bright line" defining the limits

7

of the temporal relationship, the interval between a protected activity and an adverse action that results in a finding of retaliation is generally no more than several months.  *See Ashok v. Barnhart*, No. 01-CV-1311, 289 F. Supp. 2d 305, 314 (E.D.N.Y. Oct. 30, 2003).  When a retaliation claim is based upon the filing of a misbehavior report, plaintiff may rely upon circumstantial evidence to establish a causal connection, including "temporal proximity, prior good discipline, a finding of not guilty at the disciplinary hearing, and statements by defendants as to their motives." *Wellington v. Langendorf*, No. 12-CV-1019 (FJS/DEP), 2015 WL 401313, at *5 (N.D.N.Y.  Jan. 28, 2015) (citations omitted).

      In this instance, plaintiff annexed copies of several grievances filed against Wellenstein.  *See* Dkt. No. 1-2.  Even assuming plaintiff sufficiently pleaded that he engaged in protected conduct and that the destruction of legal work and receipt of a misbehavior report constitute adverse actions, the complaint lacks any facts suggesting a causal connection between the conduct and actions.  The complaint is devoid of any facts related to the substance of the misbehavior report, the date that it was issued, or any other circumstantial evidence to suggest a causal relationship.  Plaintiff's conclusory allegations fail to state a claim for retaliation against Wellenstein.  *See Geer v. Brown*, No. 14-CV-650 (DNH/CFH), 2015 WL 847426, at *2 (N.D.N.Y. Feb. 26, 2015) (finding that the plaintiff failed to proffer any facts showing a causal connection between filing grievances and a false misbehavior report).  Similarly, plaintiff offers nothing more than an unsupported, conclusory assertion with respect to the destruction of legal materials.  Accordingly, plaintiff's First Amendment retaliation claim against Wellenstein is dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**C.     Violation of DOCCS Directives and Facility Operations Manual (FOM)**

Plaintiff claims that defendants violated DOCCS Directives 4483 and 4948.[5] *See* Compl. at 7, 8.  Plaintiff also alleges that defendants' conduct was contrary to Section 21.04 of the FOM.[6] *See* Compl. at 6.  A Section 1983 claim brought in federal court is not the appropriate forum to raise violations of prison regulations.  *See Hyman v. Holder*, No. 96 Civ. 7748, 2001 WL 262665, at *6 (S.D.N.Y. Mar. 15, 2001) (holding that the failure to follow a New York State DOCCS Directive or prison regulation does not give rise to a federal constitutional claim).  "A violation of a state law or regulation, in and of itself, does not give rise to liability under 42 U.S.C. § 1983."  *Cusamano v. Sobek*, No. 06-CV-0623 (GTS/GHL), 604 F. Supp. 2d 416, 482 (N.D.N.Y. Jan. 26, 2009) (collecting cases); *see Patterson v. Coughlin*, 761 F.2d 886, 891 (2d Cir.1985) ("[A] state employee's failure to conform to state law does not itself violate the Constitution and is not alone actionable under § 1983." ); *Fluent v. Salamanca Indian Lease Auth*., No. 90-CV-1229A, 847 F. Supp. 1046, 1056 (W.D.N.Y. March 14, 1994) (holding that section 1983 imposes liability for violations of rights protected by the Constitution and laws of the United States, not for violations arising solely out of state or common-law principles).  Failure to follow a DOCCS Directive does not give rise to a § 1983 claim.  Consequently, these claims are dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.  *See McAllister v. Call*, 2014 WL 5475293, at *11 (N.D.N.Y. Oct. 29, 2014) ("A section 1983 claim is not the 'appropriate forum' in which to seek review of a violation of a prison regulation.").

---

[5] Directive 4483 is titled "Law Libraries, Inmate Legal Assistance and Notary Public Services."  Dkt. No. 1-1 at 4.  Directive 4948 is titled "Protective Custody Status."  *See id.* at 8.

[6] Section 21.04 is titled "Inmate Law Library Procedures."  *See* Dkt. No. 1-1 at 17.

9

### D. FOIL Request

Plaintiff claims that defendants "refuse to respond to his FOIL request which further prevents the submission of supporting documents." *See* Compl. at 10. "The only constitutional claim arising from alleged FOIL violations is one of a deprivation of property under the Due Process clause of the Fourteenth Amendment." *Gnatt v. Racicot*, No. 5:10-CV-1526 (NAM/GHL), 2011 WL 484197, at *1 (N.D.N.Y. Jan. 7, 2011) (citation omitted). Plaintiff has not identified the documents that he requested and thus, does not have a property interest in any of the documents he requested. *See Blount v. Brown*, No. 10-CV-1548, 2010 WL 1945858, at *2 (E.D.N.Y. May 11, 2010) ("[A] plaintiff has no property interest in obtaining FOIL documents." (internal quotation marks omitted)). Without a property interest, plaintiff's claims related to his FOIL requests fail to raise a constitutional issue.

### E. Supervisory Claims

Plaintiff claims that, "upon information and belief," Ward was aware of Wellenstein's actions. *See* Compl., generally. Plaintiff also alleges that Ward was personally involved in reviewing grievance appeals and was responsible for the "care and custody of the inmates in the facility." *See id.* at 11.

It is well settled in this Circuit that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). Thus, "a Section 1983 plaintiff must 'allege a tangible connection between the acts of the defendant and the injuries suffered.'" *Austin v. Pappas*, No. 04-CV-7263, 2008 WL 857528, at *2 (S.D.N.Y. Mar. 31, 2008) (quoting *Bass v. Jackson*, 790 F.2d

10

260, 263 (2d Cir. 1986)) (other citation omitted). If the defendant is a supervisory official, a mere "linkage" to the unlawful conduct through "the prison chain of command" (i.e., under the doctrine of respondeat superior) is insufficient to show his or her personal involvement in that unlawful conduct. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501. In other words, supervisory officials may not be held liable merely because they held a position of authority. *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996). Rather, supervisory personnel may be considered "personally involved" only if they: (1) directly participated in the alleged constitutional violation; (2) failed to remedy that violation after learning of it through a report or appeal; (3) created, or allowed to continue, a policy or custom under which the violation occurred; (4) had been grossly negligent in managing subordinates who caused the violation; or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the violation was occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citing *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986)).

Vague and conclusory allegations that a supervisor has failed to train or properly monitor the actions of subordinate employees do not suffice to establish the requisite personal involvement and support a finding of liability. *See Pettus v. Morgenthau*, 554 F.3d 293, 300 (2d Cir. 2009) ("To the extent that [a] complaint attempts to assert a failure-to-supervise claim . . . [that claim is insufficient where] it lacks any hint that [the supervisor] acted with deliberate indifference to the possibility that his subordinates would violate [plaintiff's] constitutional rights."). Moreover, "conclusory allegations or legal conclusions masquerading as factual conclusions" are not sufficient to allege involvement of a supervisor.

11

*Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) (internal quotation omitted). A complaint that essentially regurgitates the relevant "personal involvement" standard, without offering any facts indicating that, or how, an individual defendant in a supervisory role was personally involved in a constitutional violation, cannot withstand dismissal. *Id.* "Absent an underlying constitutional violation, there can be no supervisory liability." *See Murray v. Pataki*, No. 9:03-CV-1263 (LEK/RFT), 2007 WL 956941, at *7 (N.D.N.Y. Mar. 29, 2007).

As discussed above, plaintiff failed to sufficiently plead an underlying constitutional violation and, as such, plaintiff's claims against Ward fail to state a claim upon which relief may be granted. *See Elek v. Inc. Vill. of Monroe*, No. 08-CV-8928, 815 F. Supp. 2d 801, 808 (S.D.N.Y. Sept. 27, 2011) (collecting cases for the proposition that "because plaintiff has not established any underlying constitutional violation, she cannot state a claim for 1983 supervisory liability"). Even assuming plaintiff sufficiently pleaded a constitutional violation, plaintiff's claims against Ward are subject to dismissal as the allegations are nothing more than legal conclusions, unsupported by any facts. The complaint lacks any facts establishing that Ward was personally involved in any decision related to plaintiff's use of the law library or access to legal materials. The conclusory assertion that Ward was responsible for "grievance appeals" is unsupported by the 237 pages of exhibits or any facts that plausibly suggest that Ward was "confronted with a situation that he failed to remedy." *See Winfield v. Bishop,* No. 09-CV-1055 (LEK/GHL)*,* 2010 WL 2773343, at *4 (N.D.N.Y. June 21, 2010) (citation omitted). Thus, plaintiff's claims against Ward are dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be

granted.

## F. State Law Claims

Plaintiff claims that he was denied access to current legal reference materials in violation of 9 NYCRR § 7031.4.[7] *See* Compl. at 9. New York Correction Law § 24 provides a jurisdictional limitation and thus, the Court is obligated to address the issue on initial review. Correction Law §24(1) provides:

> No civil action shall be brought in any court of the state, except by the attorney general on behalf of the state, against any officer or employee of the department, which for purposes of this section shall include members of the state board of parole, in his or her personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee.

*See Baker v. Coughlin*, 77 F.3d 12, 15 (2d Cir. 1996).

"Claims for damages arising out of a DOCCS employee's act performed within the scope of his employment may be maintained in the New York Court of Claims as a claim against the State of New York." *Heyliger v. Gebler*, 496 F. Supp. 2d 250, 252 (W.D.N.Y. 2007). Courts look at the following factors to determine whether a defendants' action is within the scope of employment:

> the connection between the time, place and occasion for the act; the history of the relationship between employer and employee as spelled out in the actual practice; whether the act is one commonly done by any employee; the extent of departure from normal methods of performance; and whether the specific act was one that the employer could have reasonably anticipated.

---

[7] 9 NYCRR § 7031.4 is titled "Access to Legal Reference Material." *See* Dkt. No. 1-1 at 23.

13

*Ierardi v. Sisco*, 119 F.3d 183, 187 (2d Cir. 1997) (quotations and citations omitted).

The test to determine whether the defendants' actions fall within the scope of their employment is "whether the act was done while the servant was doing his master's work no matter how irregularly, or with what disregard of the instructions." *Cruz v. New York*, 24 F.Supp.3d 299, 309 (W.D.N.Y. 2014) (citing *Cepeda v. Coughlin*, 128 A.D.2d 995, 996 (3d Dep't 1987)). In certain circumstances, conduct that is "prompted by purely personal reasons unrelated to the employers' interest," or "an intentional course of conduct contrary to institutional rules, training and common sense," may be found outside the scope of employment. *Johnson v. N.Y. State Dep't of Corr. Servs. and Cmty. Supervision*, No. 11-CV-0079, 2013 WL 5347468, at *3 (W.D.N.Y. Sept. 23, 2013).

Here, defendants were on duty in the correctional facilities at the time of the alleged constitutional violations. The complaint lacks any facts to plausibly suggest that defendants acted outside the scope of their employment. Accordingly, plaintiff's state law claims against defendants in their individual capacities are dismissed for lack of subject matter jurisdiction.

Even if New York Corrections Law § 24 did not apply, plaintiff's state law claims are subject to dismissal in light of the dismissal of all federal causes of action in plaintiff's complaint. *See* 28 U.S.C. § 1367(c)(3) (the district court may decline to exercise supplemental jurisdiction over a claim if all other claims over which the court has original jurisdiction have been dismissed); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997); *Pitchell v. Callan*, 13 F.3d 545, 549 (2d Cir.1994).

### V. MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should

not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc*., 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit. *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35, 38 (2d Cir. 2010). To prevail on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *Id*. at 35; *Cacchillo v. Insmed, Inc*., 638 F.3d 401, 405-06 (2d Cir. 2011). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Id*.; *see Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts*., 598 F.3d at 35 n.4 (internal quotation marks omitted). The district court has wide discretion in determining whether to grant a preliminary injunction. *Moore*, 409 F.3d at 511.

Here, plaintiff seeks an order directing defendants to provide plaintiff with physical access to the law library or to a computer. *See* Dkt. No. 5-1 at 2. As plaintiff seeks a mandatory injunction, he must meet the higher standard and establish a clear or substantial likelihood of success of show that extreme or very serious damage would result in the absence of the requested relief. *See Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60

15

F.3d 27, 34 (2d Cir. 1995). Construing plaintiff's motion in the light most favorable to him as a pro se plaintiff, the Court finds that he has failed to substantiate any allegations of irreparable harm with evidence in admissible form. At this juncture, plaintiff has failed to assert any viable cause of action and all allegations in the complaint have been dismissed. In his motion for injunctive relief, plaintiff fails to provide any specific facts establishing the likelihood of success on the merits or extreme or serious damage.

For the foregoing reasons, plaintiff's motion for preliminary injunctive relief is denied without prejudice to renew.

## VI. MOTION FOR APPOINTMENT OF COUNSEL

Turning to plaintiff's motion for appointment of counsel, courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion:

> [The Court] should first determine whether the indigent's position *Seems* likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)) (internal quotation marks omitted). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974

16

(N.D.N.Y. 1995) (citing *Hodge*, 802 F.2d at 621).

At this juncture, the Court has found that the complaint fails to state a claim upon which relief may be granted. Consequently, until plaintiff files an amended complaint that the Court accepts for service, the Court cannot make the necessary assessment of plaintiff's claims under the standards promulgated by *Hendricks*. Therefore, plaintiff's motion for appointment of counsel is denied without prejudice to renew. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit pro se. *See* 28 U.S.C. § 1654; *see also Phillips v. Goord*, No. 08-CV-0957, 2009 WL 909593, at *1 n.3 (W.D.N.Y. April 1, 2009).

## VII. SERVICE OF PROCESS

In this case, plaintiff paid the entire filing fee for this action. As a result, plaintiff bears the responsibility for serving any summons and complaint on the defendants. Rule 4 of the Federal Rules of Civil Procedure provides that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). At this juncture, plaintiff has failed to assert any viable cause of action and all allegations in the complaint have been dismissed. Therefore, plaintiff's motion for service by the U.S. Marshal is denied as moot with leave to renew.

## VIII. CONCLUSION

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the complaint (Dkt. No. 1) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; it is further

17

**ORDERED** that, if plaintiff wishes to proceed with this action he must file an amended complaint within thirty (30) days of the filing date of this Decision and Order; and it is further

**ORDERED** that upon the filing of an amended complaint as directed above, the Clerk shall return the file to the Court for further review; and it is further

**ORDERED** that, in the event plaintiff fails to file a signed amended complaint within thirty (30) days of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action pursuant to 28 U.S.C. § 1915A(b) due to plaintiff's failure to state a claim upon which relief may be granted and to comply with the terms of this Decision and Order, without further order of this Court; and it is further

**ORDERED** that plaintiff's motion for a preliminary injunction (Dkt. No. 5) is **DENIED**; and it is further

**ORDERED** that plaintiff's motion for the appointment of counsel (Dkt. No. 4) is **DENIED**; and it is further

**ORDERED** that plaintiff's motion to for service (Dkt. No. 10) is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

December 3, 2015
Albany, New York

Gary L. Sharpe
U.S. District Judge