# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

BRUCE FLYNN,

                              Plaintiff,                    9:15-cv-1028 (BKS/CFH)

v.

JOE WARD, et al.,

                              Defendants.

**Appearances:**

*Plaintiff, pro se:*
Bruce Flynn
10-A-1558
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

*For Defendants:*
Brian W. Matula, Esq.
Assistant Attorney General
New York State Attorney General's Office
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

Plaintiff pro se Bruce Flynn brought this action under 42 U.S.C. § 1983 alleging that

Defendants violated his rights under the First Amendment while he was incarcerated at Mid-

State Correctional Facility. (Dkt. Nos. 1, 20). On June 28, 2018, United States District Court

Judge Gary L. Sharpe issued an Order denying, in part, the Defendants' summary judgment

motion, and ordering that the case is deemed trial ready. (Dkt. No. 67). On April 5, 2019, the

case was reassigned to the undersigned, and a copy of the reassignment Order was sent to

Plaintiff's last known address at Elmira Correctional Facility. (Dkt. No. 68). On April 5, 2019,

the Court also sent a letter to Plaintiff at Elmira Correctional Facility inquiring whether he would like to have counsel appointed to represent him at trial. (Dkt. No. 69). Both of the documents mailed to Plaintiff on April 5, 2019 were returned to the Court as undeliverable. (Dkt. Nos. 70, 71). The return envelopes contained a notation "Released 10-29-18." (*Id.*). On April 19, 2019, the undersigned issued an Order granting Plaintiff fourteen (14) days from that Order to notify the Court of his current address, and notifying Plaintiff that if he failed to comply the action would be dismissed for failure to prosecute. (Dkt. No. 72). That Order was also returned to the Court as undeliverable on April 25, 2019. (Dkt. No. 73).

Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order . . . ." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962); *Greeene v. Sposato*, No. 16-CV-1243, 2019 WL 1559421, at *1, 2019 U.S. Dist. LEXIS 61741, at *3 (E.D.N.Y. April 9, 2019); *see also* N.D.N.Y. L.R. 41.2(b). It is well settled that Rule 41(b) "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

Since a Rule 41(b) dismissal is a "harsh remedy . . . [it] is appropriate in extreme situations." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citations omitted). Before dismissing an action under Rule 41(b) for failure to prosecute a district court must consider:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane*, 239 F.3d at 209; *see also Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009)

(citations omitted).

Under the Local Rules of Practice for this district ("Local Rules"), "[a]ll attorneys of record and *pro se* litigants must immediately notify the court of any changes of address." N.D.N.Y. L.R. 10.1(c)(2) (emphasis omitted). Failure to do so will subject the action to dismissal under Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.2(b) for lack of prosecution. *See e.g.*, *Fenza v. Conklin*, 177 F.R.D. 126, 127 (N.D.N.Y. 1998) (dismissing inmate's action for failure to notify the Court of current address); *see also Rosa v. Keiser*, No. 10–CV–1313, 2012 WL 2178961, at *1, 2012 U.S. Dist. LEXIS 82529, at *2–3 (N.D.N.Y. May 14, 2012) (dismissing former inmate's action for failure to notify the Court of current address). Plaintiff appears to have understood his obligation to update his address: he notified the Court on August 31, 2016 of a change of address. (Dkt. No. 30).

In this case, dismissal is justifiable. Plaintiff has failed to comply with this Court's Order directing that he update his address, and notifying him that the action would be dismissed if he failed to do so. (Dkt. No. 72). It appears that Plaintiff was released from custody in October 2018, and thus has failed to comply with the Local Rule requiring that he update his address for almost seven months. Plaintiff failed to respond to the Defendants' October 6, 2017 motion for summary judgment; he has not communicated with this Court since May 30, 2017. (Dkt. Nos. 59, 64). While the Defendants have not weighed in on this issue, the Court notes that "[t]he passage of time always threatens difficulty as memories fade. . . ." *Barber v. United States*, No. 11-CV-1100, 2012 WL 1681978, at *1, 2012 U.S. Dist. LEXIS 67159, at *3–4 (N.D.N.Y. May 14, 2012) (citing *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996)). The Court currently has no way of contacting Plaintiff and is therefore unaware of any feasible lesser sanction. The Court finds that, in light of all of these factors, the need to alleviate the Court's

docket outweighs Plaintiff's right to an opportunity to his day in court. *Barber*, 2012 WL 1681978, at *1, 2012 U.S. Dist. LEXIS 67159, at *4 ("It is the need to monitor and manage dilatory cases like this one that delay the resolution of other cases, and contribute to the Second Circuit's relatively long median time to disposition for pro se civil rights cases."). Therefore, pursuant to Rule 41(b), dismissal of this action warranted.

Accordingly, it is

**ORDERED** that this action is **DISMISSED without prejudice** for failure to prosecute; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 13, 2019
      Syracuse, New York

Brenda K. Sannes
U.S. District Judge